IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN MOXLEY, #1266577, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-0713-R |
| | ) | |
| WARDEN KEETON, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

    Parties: Plaintiff is currently confined at the Dawson State Jail of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dallas, Texas. Defendants are Dawson State Jail Warden Keeton, Law Library Clerk Ms. Bell, and Grievance Investigator Ms. Sands. The court has not issued process in this case. However, the court issued a questionnaire to Plaintiff, who filed his answers on April 28, 2005.

    Statement of Case: The complaint alleges Plaintiff's rights as an incarcerated individual have been violated. In particular, he alleges that the Dawson State Jail lacks "proper remedies within [the] disciplinary process," and redress for the loss of personal property -- i.e, commissary ID card and eyeglasses. Plaintiff further alleges that he has experienced problems in

obtaining writing materials from the law library while in transient status, and that on March 10, 2005, some inmates "endanger[ed] [his] life and physical safety," while he was in administrative segregation. He requests to be transferred to "Huntsville for eyeglasses, and to retain commissary privileges." (Complaint at ¶ V).

<u>Findings and Conclusions</u>: In response to this court's notice of deficiency and order, Plaintiff submitted two motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, on May 6 and May 9, 2005 respectively. The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions that prisoners file in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.

A review of the U.S. Party and Case Index reflects this court dismissed one of Plaintiff's prior complaints as barred by three strikes. <u>See</u> <u>Moxley v. Beech</u>, 4:04cv290-A (N.D. Tex., Fort Worth Div., May 10, 2004) (McBride, J.).[1]

---

[1] The three-strike finding was based on the dismissal of the following three actions without prejudice as frivolous or for failure to state a claim in the Western District of Texas, Austin Division: <u>Moxley v. Steele, et al.</u>, No. A:00-CA-297-SS, 1:00cv297; <u>Moxley v. Poole, et al.</u>, No. A:00-CA-140-SS, 1:00cv0140, and <u>Moxley v. Frasier</u>, No. A-99-230-SS, 1:99cv0230. The Fifth Circuit Court of Appeals has held that a prior dismissal without prejudice may be countable as a strike under § 1915(g). <u>See</u> <u>Lyle v. Anderson</u>, 77 Fed.Appx. 734, 2003 WL 22319471, at *4 (5th Cir. Oct. 10, 2003) (unpublished per curiam) (citing <u>Patton v. Jefferson Corr. Ctr.</u>, 136 F.3d 458, 462-64 (5th Cir. 1998)).

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). The complaint in this case was signed on April 7, 2005, and filed in this court on April 11, 2005.

Plaintiff fails to present sufficient facts in support of his claim that he was in danger of any physical injury at the time of filing the complaint in this case. See Carson v. Johnson, 112 F.3d 818, 822-823 (5th Cir. 1997); Adepegba, 103 F.3d at 388. See also Banos v. O'Guin, 144 F.3d at 884. A conclusory allegation that on March 10, 2005, inmates "endanger[ed] [Plaintiff's] life and physical safety," injuring a finger in his rights hand, is insufficient to establish a claim of imminent danger to serious physical injury. (See Plaintiff's motion to supplement complaint filed on May 25, 2005, motion to amend filed on May 19, 2005; see also Plaintiff's response to order filed on June 2, 2005). The court further notes that the March 10, 2005 incident is wholly unrelated to the majority of the claims alleged in the complaint, namely the lack of proper remedies within [the] disciplinary process, the lack of redress for the loss of personal property, and the lack of writing materials while in transient status.[2]

Because the complaint does not fall within the exception to the "three-strike rule" set out

---

[2] In answer to the questionnaire, Plaintiff sought leave to amend his complaint to allege a new claim which arose on April 7, 2005, the date on which he first mailed the complaint this case. (See Answer to Question 2). Plaintiff also sought to rely on the April 7, 2005 incident to support his contention that he was under imminent danger of serious physical injury at the time of filing the complaint. (Id.). On May 16, 2005, the court denied Plaintiff's motion for leave to amend without prejudice, and noted that the April 7, 2005 incident was wholly unrelated to the claims alleged in the original complaint. In his most recent filings, it appears Plaintiff has abandoned his reliance on the April 7 incident as a basis for his claim for imminent danger of physical injury.

in § 1915(g), the District Court should deny Plaintiff's motions for leave to proceed *in forma pauperis* and dismiss this action as barred by three strikes unless he pays the full filing fee of $250.00 within ten days of the filing of this recommendation.  See Adepegba, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's motions for leave to proceed *in forma pauperis* (Docket #4 and #6), and dismiss this action as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $250.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

It is further recommended that Plaintiff's motion for leave to amend (docketed as a motion to appoint counsel, Docket #10), and Plaintiff's motion to supplement (docketed as a "motion not for leave [to amend] previously filed complaint not to supersede but to extend or add to complaint, Docket #11) should be denied as moot.

A copy of this recommendation will be mailed to Plaintiff Steven Moxley, #1266577, TDCJ-CID, Dawson State Jail, P.O. Box 650051, Dallas, Texas 75241.

Signed this 22 day of June, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.